**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BBK Tobacco & Foods, LLP, | ) | CV 11-01517-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Rocky Patel Premium Cigars, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

We have before us plaintiff's motion for preliminary injunction (doc. 44) and supplement to its motion (doc. 45), defendant's response (doc. 51), and plaintiff's reply (doc. 59).

Plaintiff designs and sells various tobacco products.  In 1997, plaintiff launched the "Zen" brand of rolling papers and cigarette rolling machines.  The "Zen" brand includes items such as tobacco, cigar wraps, and cigar rolling machines.  At some point, plaintiff began developing a line of "Zen" cigars.  Defendant launched a new line of cigars in July 2011.  It initially displayed boxes of the new cigars at a trade show bearing the brand "Zen by Nish Patel."  After plaintiff objected to defendant's use of the name "Zen," defendant began calling its new cigar line "Xen by Nish Patel."

Plaintiff filed this action in August 2011 and amended its complaint in September 2011 (doc. 5).  Plaintiff asserts three counts for (1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); (2) dilution of mark under 15 U.S.C. § 1125(c); and (3) unfair competition under Arizona law.  Plaintiff asks us to enjoin defendant from selling or distributing the "Xen by Nish Patel" cigars, and requests an immediate

1  hearing.  Three days after filing its motion, plaintiff filed a supplement indicating that it

2  shipped its first batch of "Zen" cigars to a retail store on June 25, 2012.

3  Defendant asks us to strike plaintiff's supplement to its motion pursuant to LRCiv

4  7.2(m).  Plaintiff has not cited any authority that would allow it to supplement its response,

5  and it did not seek an order from this Court before doing so.  However, as the supplement

6  does not affect our resolution of plaintiff's motion, striking it is unnecessary.  Defendant's

7  request to strike is denied.

8  "A preliminary injunction is an extraordinary remedy never awarded as of right."

9  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008).  To

10  obtain one, plaintiff must show that (1) it is "likely to succeed on the merits," (2) it is "likely

11  to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities

12  tips in [its] favor," and (4) "an injunction is in the public interest."  Id. at 20, 129 S. Ct. at

13  374.  A preliminary injunction hearing is appropriate when there are factual disputes

14  requiring resolution.  Here, however, a hearing is unnecessary, because even assuming all

15  of plaintiff's facts are true, plaintiff fails to show that it is entitled to injunctive relief.

16  Plaintiff has not presented any evidence of irreparable harm.  Instead, plaintiff argues,

17  applying pre-Winter case law, that it is entitled to an injunction because it can show both

18  probable success on the merits and the possibility of irreparable injury.  According to

19  plaintiff, showing a likelihood of success on the merits in trademark infringement actions

20  raises a presumption of irreparable harm.  But, as we have already held, presumptions of

21  irreparable harm are no longer available in trademark infringement cases post-Winter.  See

22  AFL Telecomms. LLC v. SurplusEQ.com, Inc., CV-11-01086-PHX-FJM, 2011 WL

23  4102214, at *3 (D.Ariz. Sept. 14, 2011) (concluding that irreparable harm is no longer

24  presumed in trademark cases).  Winter explicitly rejected the Ninth Circuit's "possibility" of

25  irreparable harm standard as "too lenient."  Winter, 555 U.S. at 22, 129 S. Ct. at 375.  Winter

26  noted that awarding injunctive relief based upon the possibility of irreparable harm "is

27  inconsistent" with the Supreme Court's characterization of injunctive relief as "an

28  extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

1   entitled to such relief." Id. at 22, 129 S. Ct. at 375-76. Similarly, issuing an injunction based

2   on a presumption of irreparable harm - an even more lenient standard that would not require

3   any showing of irreparable harm - cannot stand after Winter.

4        Although the Ninth Circuit has not yet explicitly held that there is no longer a

5   presumption of irreparable harm in trademark infringement cases, a number of other district

6   courts have reached that conclusion. See Leatherman Tool Grp., Inc. v. Coast Cutlery Co.,

7   823 F. Supp. 2d 1150, 1157-58 (D. Or. 2011) (concluding that no "presumption of irreparable

8   harm exists in a false advertising claim"); see also BoomerangIt, Inc. v. ID Armor, Inc., 5:12-

9   CV-0920-EJD, 2012 WL 2368466, at *4 (N.D. Cal. June 21, 2012) (collecting district court

10   cases concluding that there is no longer a presumption of irreparable harm for trademark

11   infringement cases). Applying Winter, we reject plaintiff's argument that "it does not need

12   to show the possibility of irreparable harm." Reply at 2.

13        Moreover, Winter explicitly holds that a plaintiff "must establish. . . that the balance

14   of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S.

15   at 20, 129 S. Ct. at 374; see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,

16   1135 (9th Cir. 2011) (Winter "requires the plaintiff to make a showing on all four prongs").

17   Plaintiff does not even address whether the balance of equities tips in its favor or whether an

18   injunction would be in the public interest. Plaintiff's failure to do so provides an additional

19   and independent basis upon which to deny its motion.

20        In sum, because plaintiff has made no showing that it will likely suffer irreparable

21   harm, no showing that the balance of equities tip in its favor, and no showing that an

22   injunction is in the public interest, it is not entitled to the extraordinary remedy of a

23   preliminary injunction. Accordingly, we do not need to address whether plaintiff has shown

24   a likelihood of success on the merits.

25        **IT IS ORDERED DENYING** plaintiff's motion for preliminary injunction (doc. 44).

26   DATED this 25th day of July, 2012.

27

28

                         Frederick J. Martone
                         United States District Judge